**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:				February 24, 2010

Courtroom Deputy:	Nel Steffens
Court Reporter:		Suzanne Claar
Probation Officer:	Elizabeth Oppenheimer

**Criminal Action No.  09-cr-00332-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Jaime Pena |
| Plaintiff, | |
| v. | |
| 1.  KRISTEN PARKER, | Gregory Graf |
| Defendant. | |

**SENTENCING MINUTES**

**1:31 p.m.    Court in session in courtroom A201.**

Appearances of counsel.  Also seated at government's table are Mary LaFrance of the Office of Criminal Investigation, Food and Drug Administration, and Bryon Bruce of the Drug Enforcement Administration.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and FED. R. CRIM. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and

addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Mr. Graf states that the defendant's father, mother, and significant other wish to speak on behalf of the defendant.

Statements by Bill Parker, the defendant's father, Judy Parker, the defendant's mother, and Michael Moody, the defendant's significant other.

Mr. Graf makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by Mr. Pena.

Statements by victims.

**2:50 p.m.      Court in recess.**

**3:03 p.m.      Court in session.**

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The statements and letters by and on behalf of various victims;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;

2

- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker* ;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

  **IT IS ORDERED** as follows:

1. That the Plea Agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved with the continuing exception of the stipulated sentence of twenty years under FED. R. CRIM. P. 11(c)(1)(C), which portion of the Plea Agreement the court has expressly rejected;

2. That the pending motions are resolved as follows:

    - the **Motion To Dismiss Counts 1-7, 11, 13, 15-26, 30, 32, and 34-38 of the Superseding Indictment and the Original Indictment** [#53] filed February 11, 2010, is **GRANTED**;

3. That judgment of conviction under FED. R. CRIM. P. 32(k) is entered on Counts 8, 9, 10, 12, 14, 27, 28, 29, 31, and 33 of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984 and the provisions of

18 U.S.C. § 3621(a), it is the judgment and sentence of this court that the defendant, Kristen Parker, is committed to the custody of the Bureau of Prisons to be imprisoned as follows:

- for a term of imprisonment of **120 months** on each of Counts 8, 9, 10, 12, and 14;
- for a term of imprisonment of **48 months** on each of Counts 27, 28, 29, 31, and 33;
- provided furthermore, that the sentences of 120 months on Counts 8, 9, and 10 shall be served consecutively as to each other and concurrently as to the other sentences imposed on the other counts, and that the sentences imposed on the other counts shall be served concurrently with each other, for a total sentence of **360 months**;

5. That under 18 U.S.C. § 3583, on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years** on Counts 8, 9, 10, 12, and 14, and a term of one year on the remaining Counts 27, 28, 29, 31, and 33, with all terms of supervised release to be served concurrently as required by law, for a total term of supervised release of **three years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. Probation Department within the district to which she is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

  - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

  - that the defendant shall not possess or use illegally any controlled substances;

4

- that the defendant shall not possess or use any firearm, dangerous weapon, or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation and an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluations or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment or therapy of the defendant;

- that the defendant shall not work in or be employed in the medical profession or the healthcare profession or industry in any capacity;

- that the defendant shall have no contact or communication of any kind with any of the victims of any of the offenses charged in any count of the Superseding Indictment without order of this court or the written consent of such victim;

- that, as directed by the probation officer and at her expense, the defendant shall undergo blood and other medical testing for any communicable diseases and the test results shall be provided to the government for release to the victims or their

        authorized representatives;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

- that, as directed by her probation officer, the defendant shall apply to the payment of restitution all monies and funds received from income tax refunds, lottery winnings, gifts, testamentary devices, inheritances, and judgments;

7. That no fines are imposed;

8. That the defendant shall pay restitution for the benefit of Rose Medical Center, in the amount of $156,935.00; and Audubon Surgery Center, in the amount of $350,000.00, payable in care of the clerk of the court in full in the amount of $506,935.00, to be paid by the defendant in monthly installments of not less than ten (10) percent of the defendant's monthly gross income during the term of supervised release as determined and directed by her probation officer; provided, furthermore, as follows:

   - that pursuant to 18 U.S.C. § 3664(j)(2), restitution shall be reduced by any amount previously or subsequently recovered in any civil proceeding as compensatory damages for the same loss suffered by the victims awarded restitution by these orders;
   - that restitution payments shall be divided equally between the victims; and
   - that interest on restitution is waived;

9. That the court declines to order restitution for Nafisa Rasulova, David Hawks, or Elcira Lovato-Edgerton;

10. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

11. That the defendant is remanded to the custody of the United States Marshall who shall transport the defendant as soon as practicable and with all deliberate speed to the Bureau of Prisons, there to be received and kept in the manner prescribed by law and consistent with the orders of this court.

The Defendant is advised of the right to appeal the sentences imposed by the Court.

Mr. Pena asks that his motion, #54, be granted. Court will grant the motion in written form.

Discussion regarding release of information to victims.

**3:45 p.m.　　Court in recess.**

Total time in court:　02:01

Hearing concluded.